J-S19030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                         :            PENNSYLVANIA
                                         :

           v.                                   :
                                         :
                                         :

MATTHEW ALLEN LAWTON           :
                                         :

             Appellant                    :       No. 305 WDA 2021

Appeal from the PCRA Order Entered February 22, 2021
In the Court of Common Pleas of Potter County
Criminal Division at No:  CP-53-CR-0000187-2010

BEFORE:   DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.:           **FILED: JULY 16, 2021**

Matthew Allen Lawton (Appellant) appeals *pro se* from the order dismissing his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

This Court, in affirming the dismissal of Appellant's second PCRA petition, relayed:

> The record demonstrates that on September 10, 2012, a jury convicted Appellant of rape of a child (4 counts), involuntary deviate sexual intercourse with a child (4 counts), aggravated indecent assault of a child (4 counts), indecent assault of a person less than 13 years of age (13 counts), and corruption of minors (2 counts) in connection with his sexual assault of a 10-year-old child [(Victim)].[FN]1  On September 10, 2012, the trial court sentenced Appellant to an aggregate 20 to 40 years' incarceration. This Court affirmed Appellant's judgment of sentence on February 21, 2014.  ***Commonwealth v. Lawton***, 97 A.3d 810 (Pa. Super. 2014) (unpublished memorandum).  Our Supreme Court denied

---

[*] Retired Senior Judge assigned to the Superior Court.

*allocatur* on August 26, 2014. ***Commonwealth v. Lawton***, 99 A.3d 76 (Pa. 2014). Appellant did not seek a writ of *certiorari* from the Supreme Court of the United States.

> [FN]1 18 Pa.C.S.A. §§ 3121(c), 3123(b), 3125(b), 3126(a)(7), and 6301(a)(1),
> respectively.

On February 15, 2015, Appellant filed *pro se* his first PCRA petition asserting claims of ineffectiveness of trial counsel. The PCRA court appointed Jarett R. Smith, Esq. (Attorney Smith) to represent Appellant. Attorney Smith filed an amended PCRA petition on May 29, 2015. After a hearing on the matter, the PCRA court denied Appellant's PCRA petition. This Court subsequently affirmed the denial of Appellant's first PCRA petition. ***Commonwealth v. Lawton***, 159 A.3d 37 (Pa. Super. 2016) (unpublished memorandum). Our Supreme Court denied *allocatur* on January 9, 2018. ***Commonwealth v. Lawton***, 178 A.3d 734 (Pa. 2018).

On February 1, 2018, Appellant filed *pro se* his second PCRA petition asserting claims of ineffectiveness of PCRA counsel. The PCRA court provided notice, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss the PCRA petition without an evidentiary hearing because the PCRA petition was untimely and Appellant failed to invoke any of the exceptions to the PCRA jurisdictional time-bar. Appellant filed *pro se* a response to the PCRA court's notice of intent to dismiss his PCRA petition. The PCRA court appointed Daniel A. Stefanides, Esq. (Attorney Stefanides) to represent Appellant on his second PCRA petition. On March 14, 2019, Attorney Stefanides filed a motion to withdraw and a ***Turner***/***Finley*** no merit letter concluding that Appellant's claims were without merit. On March 19, 2019, the PCRA court provided a Rule 907 notice of its intent to dismiss Appellant's second PCRA petition within 20 days without an evidentiary hearing. On April 9, 2019, Appellant filed *pro se* a response to Attorney Stefanides' ***Turner***/***Finley*** no merit letter. On April 25, 2019, the PCRA court denied Appellant's second PCRA petition as untimely and failing to invoke an exception to the PCRA jurisdictional time-bar. The PCRA court also granted Attorney Stefanides' motion to withdraw.

***Commonwealth v. Lawton***, 770 WDA 2019, *1-3 (Pa. Super. March 27, 2020) (unpublished memorandum) (some footnotes omitted).

Appellant appealed, and as noted, this Court affirmed the dismissal of Appellant's second PCRA petition. *Id.* The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Lawton*, 115 WAL 2020 (Pa. Sept. 1, 2020). On January 19, 2021, Appellant *pro se* filed the underlying PCRA petition. Appellant conceded his petition was untimely, but claimed the conviction in New York of H.S., Victim's father, for molesting Victim, satisfied the newly discovered fact exception to the PCRA's time-bar. Appellant's Brief at 3; Motion for Post Conviction Relief, 1/19/21, at 2, 4. Appellant suggests that H.S.'s conviction proves Appellant is innocent. *Id.*

The PCRA court issued notice of intent to dismiss pursuant to Pa.R.Crim.P. 907 and Appellant filed a *pro se* response. On February 22, 2021, the court entered the order dismissing Appellant's petition without a hearing. Appellant filed this appeal. Although the PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement, it filed a Pa.R.A.P. 1925(a) opinion in which it stated it "hereby designates the Notice of Intent to Dismiss dated and filed January 21, 2021 as the reason for the Court's decision to dismiss the Appellant's PCRA Petition." Order in Support of Decision, 3/3/21.

On appeal, Appellant presents three questions, stated verbatim:

1. That this newly discovered evidence could be used for a new Trial on the bases that the police officers from New York State would be on the Appellants side. As well as this evidence [s]hows that everything that the Appellant and his family told the truth, and that Judge Minor telling Nancy Langan to take

the 5ᵗʰ or be charged with purgry [*sic*] was wrong. As well as this evidence shows that the Sewar family lied on stand.

2. That most of this evidence would have been available for sentencing and e[i]ther the District Attorney or the New York State Police did not tell any one in Pennsylvania. This could have been used for mi[t]igating circ[u]mstances for sentencing, and was not.

3. Judge Minor of the Appellant's PCRA denied the PCRA with out a hearing. This s[h]ould not of happened for there is to be a hearing to determ[ine] the creditability [*sic*] of the witnesses.

Appellant's Brief at 1-2.

In reviewing the PCRA court's dismissal of Appellant's petition, we examine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." ***Commonwealth v. Busanet***, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." ***Id.***

To be timely, PCRA petitions, including second and subsequent petitions, must be filed within one year of when an appellant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Our Supreme Court has held that the PCRA's time restriction is constitutionally sound. ***Commonwealth v. Cruz***, 852 A.2d 287, 292 (Pa. 2004). In addition,

our Supreme Court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, courts lack jurisdiction. *Commonwealth v. Wharton*, 886 A.2d 1120, 1124 (Pa. 2005); *see also Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014) (courts do not have jurisdiction over an untimely PCRA petition). Here, Appellant's petition is untimely because his judgment of sentence became final on November 24, 2014, and this third petition was filed on January 19, 2021, more than six years later. *See Lawton*, 770 WDA 2019, at *4-5.

If a PCRA petition is untimely, the petitioner may overcome the time-bar if he alleges and proves one of the three statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1). *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). The three narrow exceptions to the one-year time-bar are: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012); *see also* 42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition invoking an exception to the jurisdictional time-bar must be filed within one year of the date that the claim could have been presented.[1] 42 Pa.C.S.A. § 9545(b)(2). If a petitioner fails

---

[1] Effective December 24, 2018, the time period in which to file a petition invoking one of the three exceptions was extended from 60 days to one year. 42 Pa.C.S.A. § 9545(b)(2). This amendment applies to claims arising one year prior to the effective date of the amendment, *i.e.*, arising December 24, 2017, or later. Act 2018, Oct. 24, P.L. 894, No. 146, § 3. Because Appellant filed his third PCRA petition on January 19, 2021, the amendment applies to him.

to invoke a valid exception to the PCRA time-bar, courts are without jurisdiction to review the petition or provide relief. *Spotz*, 171 A.3d at 676.

Appellant contends his claim falls within the newly discovered fact exception, Section 9545(b)(1)(ii). The PCRA court summarized Appellant's argument as follows:

> In the [Appellant's] instant PCRA Motion he avers newly discovered evidence that would have changed the outcome of the trial. The evidence is in the nature of a conviction of the victim's father, [H.S.], in the State of New York for molesting his daughter who was also the [Appellant's] victim. Attached to [Appellant's] Motion are numerous documents concerning the conviction of [H.S.] In the sentencing transcript of [H.S.] of July 1, 2020, the victim asserts that her father molested her from age 6 through the age of 12. Interestingly on page 5, lines 23-24 of said transcript the victim suggests that she was raped by a "cousin" however, the cousin's name is blacked out.

Notice of Intention to Dismiss, 1/21/21, at 1-2 (unnumbered) (citations omitted).

Appellant had to demonstrate he did not know the facts upon which he based his petition, and could not have learned the facts earlier by the exercise of due diligence. *See, e.g., Commonwealth v. Bennett*, 930 A.2d 1264, 1271 (Pa. 2007). Due diligence demands the petitioner take reasonable steps to protect his own interests. *Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa. Super. 2001). Additionally, the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008) (emphasis omitted). In other words, the "new facts" exception at:

[S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

**Bennett, supra** at 1272 (citations omitted) (emphasis omitted).

Upon review, we agree the conviction of H.S. for molesting Victim in the State of New York was a newly discovered fact. The pleadings attached to Appellant's petition demonstrate Appellant did not discover and could not have discovered H.S.'s conviction until January 16, 2020, when H.S. pled guilty to "course of sexual conduct against a child."[2] Appellant filed his petition a year after discovering this fact.[3] Accordingly, Appellant's claim is timely under the newly-discovered fact exception to the PCRA time-bar.

Next, we consider the merits of Appellant's claim. We recognize:

The four-prong test for awarding a new trial because of after-discovered evidence is well settled. The evidence: (1) could not have been obtained prior to trial by exercising reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach a witness's credibility; and (4) would likely result in a different verdict. **See Commonwealth v. Pagan**, [] 950 A.2d 270, 292 ([Pa.] 2008) (citations omitted).

**Commonwealth v. Castro**, 93 A.3d 818, 821 n.7 (Pa. 2014). In determining "whether the alleged after-discovered evidence is of such nature and character

---

[2] PL § 130.75(A)(a).

[3] One year from the date of H.S.'s conviction was January 16, 2021, which was a Saturday, and Monday, January 18, 2021 was a holiday. Thus, Appellant's petition, filed on Tuesday, January 19, 2021, was timely.

that it would likely compel a different verdict if a new trial is granted, . . . a court should consider the integrity of the alleged after-discovered evidence, the motive of those offering the evidence, and the overall strength of the evidence supporting the conviction." ***Commonwealth v. Padillas***, 997 A.2d 356, 365 (Pa. Super. 2010) (cleaned up). Finally, "the proposed new evidence must be producible and admissible." ***Castro***, 93 A.3d at 825 (cleaned up).

Here, the PCRA court reasoned:

. . . The [c]ourt is unable to find any information in the various documents concerning [H.S.'s] criminal matter that would somehow indicate [Appellant] is innocent of the crimes for which he was convicted.

*       *       *

For multiple reasons, [Appellant's] claim fails. Although sadly the victim's father sexually assaulted her, it does not prove [Appellant] did not commit a sexual assault on the victim as well. [Appellant] has provided no evidence or even an assertion that the sexual assault of the father of his daughter somehow proves his innocence. It is doubtful that the evidence of the father's assault would even be admissible in [Appellant's] trial. It appears that [Appellant] intends to use the evidence to discredit the victim or other witnesses at trial, accordingly, the third element is not satisfied as the evidence cannot be used for impeachment purposes.

Notice of Intention to Dismiss, 1/21/21, at 2-3 (unnumbered). [4]

The record supports the PCRA court's reasoning. Appellant states numerous times throughout his petition that he intends to use H.S.'s conviction solely to impeach the credibility of witnesses who testified at his

_____

[4] The Commonwealth's argument mirrors the analysis of the PCRA court.

trial. ***See e.g.,*** Motion for Post Conviction Relief, 1/19/21, at 4 (asserting several witnesses "lied on [the] stand under oath about sex in the family and in doing so this falls under impeachment of a witness. . . ."; requesting relief because H.S.'s conviction "shows that the vast majority of the Commonwealth witnesses clearly lied on the stand"); ***see also id.*** at 8 (arguing H.S.'s conviction "shows purgry [*sic*] throughout the Commonwealth's case"). Accordingly, because the after-discovered evidence is only relevant to impeach the witness credibility, the PCRA court properly denied relief. ***Castro, supra,*** at 821 n.7.[5]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/16/2021

---

[5] Appellant's claim also fails to demonstrate how H.S.'s conviction would compel a different verdict for Appellant.